## Sharp et al. v. Babcock.

1. *Trial by the Court—Conflict of Testimony.*—Where there is a conflict of testimony in a trial by the court without a jury, it is the peculiar province of the court to decide the controversy between the parties and such decision will not ordinarily be disturbed.

**Memorandum.**—*Scire facias* to foreclose mortgage. Appeal from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

R. C. HUNT and PRINCE & WELSH, attorneys for appellants.

WILLIAMS, LAWRENCE & WILLIAMS, attorneys for appellee.

OPINION OF THE COURT, HARKER, P. J.
This is a *scire facias* to foreclose a mortgage given by

appellants upon real estate situated in the city of Galesburg, to secure the purchase money for the same to appellee and others, heirs of Alfred Babcock, deceased. The note secured by the mortgage was for $5,100, and interest at seven per cent from November 13, 1886. All had been paid except $100 and the interest on that sum. Payment of that was refused, upon the ground that appellee had falsely represented to appellants at the time of the sale of the land, that he and other grantors were absolute owners of a strip of ground five feet wide on the south side of the tract sold, and that that strip could be sold to one John Wax for $250, and that on such representations they had purchased the strip for $100, which constituted that much of the note for $5,100. The defense interposed to the foreclosure of the mortgage was upon that line. The court found against appellants and entered a decree of foreclosure for amount due, as principal, interest and attorney fee, $169.92.

The evidence shows that negotiations were pending sometime between the parties for a sale of a piece of ground inherited by appellee and others. Appellants had agreed to pay $5,000 for it, but broke their agreement and refused to take it at that price. Appellee then came from his home at Des Moines, Iowa, and had the land surveyed and platted into lots, preparatory to putting it on the market. Appellants again offered $5,000 for the land. Appellee agreed to sell, as he testified, on their paying $100 additional for the expense and trouble he had been put to by their breaking their agreement. He testified that the price then agreed upon was $5,100; that the land was sold for that sum, a warranty deed being executed for it, and that no part of the $5,100 was in consideration of a purchase of the five feet strip which was quit-claimed at the same time. He was corroborated by his agent, Edward Taylor. He also denied that he represented to appellants that he and the other grantor owned the strip and that it could be sold to John Wax for $250. He was contradicted by both of the appellants, who testified that they would not have made the trade but for such representations.

We think the court could rightfully find that the truth
was with appellees.

In the conflict, it was his peculiar province to decide
between them, and we do not feel warranted in disturbing
his finding.   Decree affirmed.